**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1150

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT SEGER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Barron, Circuit Judges.

Virginia G. Villa, Assistant Federal Defender, for appellant.
Margaret D. McGaughey, Assistant United States Attorney, with whom Thomas E. Delahanty II, United States Attorney, was on brief, for appellee.

October 8, 2014

**Per Curiam.**  This is an appeal from the denial of a post-conviction motion for a declaratory judgment in a criminal case. The appellant has fully served the incarcerative portion of his sentence, and his appeal turns on the question of when his term of supervised release commenced.  See 18 U.S.C. § 3624(e).  The underlying legal issue is one that has split the circuits. Compare United States v. Maranda, 761 F.3d 689 (7th Cir. 2014), United States v. Neuhauser, 745 F.3d 125 (4th Cir. 2014), petition for cert. filed, No. 14-5372 (U.S. July 22, 2014), and United States v. Mobsy, 719 F.3d 925 (8th Cir. 2013), cert. denied, 134 S. Ct. 905 (2014), with United States v. Turner, 689 F.3d 1117 (9th Cir. 2012).

At oral argument in this court, the attorney for the government represented that it would not oppose and (based on information currently known) would support a motion for the early termination of the appellant's term of supervised release. See 18 U.S.C. § 3583(e)(1).  The appellant has served more than 12 months of his supervised release term and, for aught that appears, has faithfully complied with the conditions of supervised release.[1] Thus, the appellant apparently satisfies the first two prongs of section 3583(e)(1), leaving only the question of whether early termination of his supervised release term would be in the interest

---

[1] Both the appellant's counsel and the government's attorney have indicated that this is so.

of justice. Given the peculiar circumstances of this case — the appellant's continued confinement for a substantial period of time after the expiration of his original prison sentence due to the pendency of civil commitment proceedings under the Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 4248 — we think it likely that the district court, upon the filing of a proper motion, will find early termination of the supervised release term to be in the interest of justice.

Viewed against this backdrop, the quickest way for the appellant to bring his supervised release to an end would be to pursue a petition for early termination under section 3583(e)(1). Were he successful in this regard, that would moot the instant appeal, and insulate him from the delay inherent in our resolution of an unsettled question of statutory construction.

Accordingly, we withhold decision for the time being and remand the matter to the district court in order to allow the appellant to move for early termination of supervised release under section 3583(e)(1). We assume, based on the colloquy with counsel for both sides at the hearing before us, that such a motion will be filed by the appellant's counsel without delay. We likewise anticipate, again based on statements made at the hearing, that the government will promptly notify the district court that it does not oppose the motion. We direct the district court to expedite the

handling of the anticipated motion and to act on the motion with all deliberate speed.

The parties will report back to us on the status of this matter within 30 days from the date of this opinion or at such sooner time as the district court has acted on the section 3583(e)(1) motion. In the interim, we will retain appellate jurisdiction.

**So Ordered.**